1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                  AT SEATTLE

8  SCOTT W. KAYS,

9                        Plaintiff,              Case No. C14-913-TSZ-BAT

10            v.                                 **REPORT AND**
                                                 **RECOMMENDATION**
11  CAROLYN W. COLVIN, Commissioner of
   Social Security,
12
                         Defendant.
13

14       Scott W. Kays appeals the denial of his Disability Insurance Benefits application, seeking

15  remand for further administrative proceedings.  He contends the ALJ erred by (1) misevaluating

16  the opinion of non-examining State agency doctor Diane Rubin, M.D., and (2) making a step

17  four finding that was not supported by substantial evidence.  As discussed below, the Court

18  recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings.

19                                  **BACKGROUND**

20       Following a hearing, the ALJ issued a final decision finding that from Mr. Kays's alleged

21  disability onset date of December 31, 2008, through his date last insured of September 30, 3010,

22  he was not disabled.  Tr. 19-35.  Utilizing the five-step disability evaluation process, the ALJ

23  found that cirrhosis of the liver; hepatitis C; cardiac disorder; right knee degenerative joint

REPORT AND RECOMMENDATION - 1

1   disease; cervical, thoracic, and lumbar degenerative disc disease; and gastrointestinal disorders

2   were severe impairments that did not meet or equal the requirements of a listed impairment.  Tr.

3   22; *see* 20 C.F.R. § 404.1520; 20 C.F.R. Pt. 404, Subpt. P, App. 1.  The ALJ also found that Mr.

4   Kays had the residual functional capacity ("RFC") to perform less than the full range of light

5   work.  Tr. 25-26.  Based on the RFC and the testimony of a vocational expert ("VE"), the ALJ

6   found Mr. Kays could perform past relevant work as a service writer/auto tire salesman.  Tr. 31-

7   32.  Alternatively, the ALJ found Mr. Kays could perform jobs that exist in significant numbers

8   in the national economy.  Tr. 32.  Therefore, the ALJ found Mr. Kays not disabled.  Tr. 33.

9                                             **DISCUSSION**

10  **A.      The ALJ erred in evaluating Dr. Rubin's opinion**

11          In May 2011, Dr. Rubin opined that from June 2009 through September 2010, Mr. Kays

12  had no physical limitations but needed to avoid concentrated exposure to vibration, fumes, odors,

13  dusts, gases, poor ventilation, and hazards.  Tr. 122-23.  She also opined that he needed "close

14  access to [a] bathroom due to [irritable bowel syndrome]."  Tr. 123.

15          The ALJ gave Dr. Rubin's opinion "some weight," explaining:

16                  Dr. Rubin assessed the claimant in April 2011 and concluded that
                    he had no physical limitations.  Dr. Rubin apparently did not
17                  consider the claimant's degenerative disc disease and knee
                    problems.  As discussed above, the medical evidence shows that
18                  the claimant's impairments cause functional restrictions that limit
                    him to less than the full range of light work.
19
    Tr. 31.
20
            Mr. Kays argues the ALJ erred because he failed to evaluate Dr. Rubin's opinion that Mr.
21
    Kays needed close access to a bathroom, and the RFC does not include any such limitations.
22
    The Court agrees.  The ALJ did not mention Dr. Rubin's opinion regarding bathroom access or
23
    provide any reason why that opinion was not incorporated into the RFC.  This was error.  *See*

1   SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the

2   adjudicator must explain why the opinion was not adopted.").  And because the hypothetical

3   presented to the VE did not include a need for close access to a bathroom, the ALJ's error was

4   harmful.  *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmful where it

5   affects the ultimate nondisability determination); *Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir.

6   1993) (a VE's testimony based on an incomplete hypothetical lacks evidentiary value) (citing

7   *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)).

8        The Commissioner nevertheless argues that the ALJ properly rejected Dr. Rubin's

9   opinion in favor of the opinion of Arthur Lorber, M.D., the medical expert who testified at the

10  hearing.  *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) ("The Commissioner may

11  reject the opinion of a non-examining physician by reference to specific evidence in the medical

12  record.").  The Commissioner also maintains that the ALJ did not need to discuss every aspect of

13  Dr. Rubin's opinion and properly considered it by explaining the weight assigned.  *See* 20 C.F.R.

14  § 404.1527(e) ("Unless a treating source's opinion is given controlling weight, the administrative

15  law judge must explain in the decision the weight given to the opinions of a State agency

16  medical or psychological consultant . . . .").

17       The Court is not persuaded.  Although an ALJ's decision need not be a model of clarity,

18  the Court must be able to reasonably discern the ALJ's path.  *See Molina*, 674 F.3d at 1121.  The

19  ALJ omitted any discussion of Dr. Rubin's bathroom access opinion, and thus there is no path

20  between this opinion and Dr. Lorber's opinion.  The ALJ's reference to Dr. Lorber's contrary

21  opinion regarding limitations caused by Mr. Kays's degenerative disc disease and knee problems

22  is insufficient to reject Dr. Rubin's opinion regarding bathroom access, particularly because the

23  ALJ credited aspects of Dr. Rubin's opinion by giving it "some weight."  Indeed, the

REPORT AND RECOMMENDATION - 3

1    Commissioner's suggested interpretation of the ALJ's decision—that the ALJ intended to reject

2    Dr. Rubin's bathroom access opinion by referring to Dr. Lorber's opinion regarding Mr. Kays's

3    physical limitations—is no more probable than finding the ALJ intended to give weight to Dr.

4    Rubin's bathroom access opinion but accidentally omitted it from the RFC.  Given this

5    ambiguity, remand is necessary for the ALJ to clarify his intent.

6    **B.       The ALJ's step four finding**

7    Mr. Kays argues the ALJ erred at step four in finding he could perform his past relevant

8    work.  As this matter is being remanded for further consideration of Dr. Rubin's opinion, which

9    may result in a different RFC finding and therefore new findings at steps four and five, it would

10   be premature to address this argument now.

11   **CONCLUSION**

12   For the foregoing reasons, the Court recommends the Commissioner's decision be

13   **REVERSED** and the case be **REMANDED** for further administrative proceedings pursuant to

14   sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reevaluate Dr. Rubin's opinion

15   regarding bathroom access, specifically consider the credibility of Mr. Kays's statements

16   concerning his need to access a bathroom[1], and, as necessary, revise the RFC and proceed with

17   steps four and five of the sequential evaluation process.

18   A proposed order accompanies this Report and Recommendation.  Objections, if any, to

19   this Report and Recommendation must be filed and served no later than **November 28, 2014**.  If

20   no objections are filed, the matter will be ready for the Court's consideration on **November 28,**

21   [1] The Court does not recommend that the ALJ's adverse credibility finding be reversed; indeed, Mr. Kays did not
raise this as an independent issue or otherwise show that the ALJ harmfully erred in his credibility finding.  Nor

22   does the Court suggest that the ALJ was required to independently reject each and every limitation Mr. Kays
alleged.  However, because the Court recommends that this case be remanded for reconsideration of one narrow
issue—Dr. Rubin's bathroom access opinion—and because the ALJ did not specifically reject Mr. Kays's

23   statements concerning his need to access a bathroom, the Court finds it appropriate for the ALJ on remand to
consider the credibility of Mr. Kays's statements on this specific issue.

REPORT AND RECOMMENDATION - 4

1 **2014**. If objections are filed, any response is due within 14 days after being served with the

2 objections. A party filing an objection must note the matter for the Court's

3 consideration 14 days from the date the objection is filed and served. Objections and responses

4 shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

5      DATED this 13th day of November, 2014.

6         _____

7         BRIAN A. TSUCHIDA
        United States Magistrate Judge

REPORT AND RECOMMENDATION - 5